WRIGHT, FINLAY & ZAK, LLP
Sonia Edwards, Esq., SBN 156456
Nicole L. Glowin, Esq., SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 608-9142
nglowin@wrightlegal.net; sedwards@wrightlegal.net

Attorneys for Defendant BOSCO CREDIT LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>LORRIANE DANIELS,<br><br>                         Debtor. | Chapter 7<br><br>BK Case No.: 17-42997<br>Adv. No.: 18-04047<br><br>Hon. William Lafferty |
| LORRIANE DANIELS,<br><br>                         Plaintiff,<br><br>vs.<br><br>BOSCO CREDIT LLC; and DOES 1-10, inclusive,<br><br>                         Defendants. | **ANSWER OF DEFENDANT BOSCO  CREDIT LLC TO PLAINTIFF'S COMPLAINT** |

Defendant, Bosco Credit, LLC ("Defendant) hereby answers the Complaint of Lorriane Daniels ("Plaintiff") as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.    Answering paragraph 1 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 1 of the Complaint differ from, are

ANSWER OF DEFENDANT BOSCO CREDIT LLC TO PLAINTIFF'S COMPLAINT
Case: 18-04047   Doc# 6   Filed: 06/07/18   Entered: 06/07/18 10:10:06   Page 1 of 15

inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

2.  Answering paragraph 2 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 2 of the Complaint. To the extent the allegations of paragraph 2 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

## II.  <u>PARTIES</u>

2.  Answering (incorrectly numbered paragraph 2) of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in (incorrectly numbered) paragraph 2 of the Complaint.

3.  Answering paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4.  Answering paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5.  Answering paragraph 5 of the Complaint, Defendant lacks sufficient and information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 5 of the Complaint.

## III. <u>FACTUAL ALLEGATIONS</u>

6.  Answering paragraph 6 of the Complaint, Defendant lacks sufficient and information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 6 of the Complaint.

7.  Answering paragraph 7 of the Complaint, Defendant lacks sufficient and information or belief to enable it to answer the allegations contained therein, and

based thereon, denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Answering paragraph 8 of the Complaint, Defendant lacks sufficient and information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 8 of the Complaint.

9.      Answering paragraph 9 of the Complaint, Defendant admits only that Plaintiff opened a home equity line of credit with a credit limit of $108,000. Defendant lacks sufficient information and belief to enable it to answer the remaining allegations of that paragraph, and based thereon, denies these allegations.

10.      Answering paragraph 10 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 10 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

11.      Answering paragraph 11 of the Complaint, Defendant admits only that Plaintiff made draws against the HELOC. Defendant lacks sufficient information and belief to enable it to answer the remaining allegations of that paragraph, and based thereon, denies these allegations.

12.      Answering paragraph 12 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegations contained in paragraph 12 of the Complaint.

13.      Answering paragraph 13 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 13 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

14.     Answering paragraph 14 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegations contained in paragraph 14 of the Complaint.

15.     Answering paragraph 15 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegations contained in paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, Defendant admits only that it contends that Plaintiff defaulted under the HELOC on or about February 20, 2008. Defendant lacks sufficient information or belief to answer the remaining allegations contained therein, and except as expressly admitted, denies said allegations.

17.     Answering paragraph 17 of the Complaint, Defendant only admits that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 13 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

18.     Answering paragraph 18 of the Complaint, Defendant only admits that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 18 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.  Defendant lacks sufficient information or belief to answer the remaining allegations contained therein, and except as expressly admitted, denies said allegations.

19.     Answering paragraph 19 of the Complaint, Defendant only admits that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 19 of the Complaint differ from,

are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

20.     Answering paragraph 20 of the Complaint, Defendant only admits that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 20 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

21.     Answering paragraph 21 of the Complaint, Defendant only admits that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 21 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.  Defendant lacks sufficient information or belief to answer the remaining allegations contained therein, and except as expressly admitted, denies said allegations.

22.     Answering paragraph 22 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 22 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.  Defendant lacks sufficient information or belief to answer the remaining allegations contained therein, and except as expressly admitted, denies said allegations.

23.     Answering paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24.     Answering paragraph 24 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 24 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.  Defendant lacks sufficient information or belief to answer the

remaining allegations contained therein, and except as expressly admitted, denies said allegations.

25. Answering paragraph 25 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 25 of the Complaint.

26. Answering paragraph 26 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 27 of the Complaint.

28. Answering paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

29. Answering paragraph 29 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 29 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

30. Answering paragraph 30 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 30 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

31. Answering paragraph 31 of the Complaint, Defendant lacks sufficient information or belief to enable it to answer the allegations contained therein, and based thereon, denies each and every allegation contained in paragraph 31 of the Complaint.

///
///

## IV. **PROCEDURAL HISTORY**

32.    Answering paragraph 32 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 32 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

33.    Answering paragraph 33 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 33 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

34.    Answering paragraph 34 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 34 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

35.    Answering paragraph 35 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 35 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied. Defendant lacks sufficient information or belief to answer the remaining allegations contained therein, and except as expressly admitted, denies said allegations.

36.    Answering paragraph 36 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 36 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

37.     Answering paragraph 37 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 37 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

38.     Answering paragraph 38 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 38 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

## V. <u>FIRST CAUSE OF ACTION</u>

### (For Declaratory Relief Against Defendant Bosco Credit, LLC)

39.     Answering paragraph 39 of the Complaint, Defendant repeats and incorporates fully paragraphs 1 through 38 of the Answer.

40.     Answering paragraph 40 of the Complaint, Defendants denies each allegation contained in paragraph 40.  To the extent the allegations of paragraph 40 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

41.     Answering paragraph 41 of the Complaint, Defendants denies each allegation contained in paragraph 41.  To the extent the allegations of paragraph 41 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

42.     Answering paragraph 42 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 42 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

43.     Answering paragraph 43 of the Complaint, Defendants denies each allegation contained in paragraph 43.  To the extent the allegations of paragraph 43 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

44.     Answering paragraph 44 of the Complaint, Defendants denies each allegation contained in paragraph 44.  To the extent the allegations of paragraph 44 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

45.     Answering paragraph 45 of the Complaint, Defendants denies each allegation contained in paragraph 45.  To the extent the allegations of paragraph 45 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

46.     Answering paragraph 46 of the Complaint, Defendants denies each allegation contained in paragraph 46.  To the extent the allegations of paragraph 46 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

47.     Answering paragraph 47 of the Complaint, Defendants denies each allegation contained in paragraph 47.  To the extent the allegations of paragraph 47 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

48.     Answering paragraph 48 of the Complaint, Defendants denies each allegation contained in paragraph 48.  To the extent the allegations of paragraph 48 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

49.     Answering paragraph 49 of the Complaint, Defendants denies each allegation contained in paragraph 49.  To the extent the allegations of paragraph 49 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

50. Answering paragraph 50 of the Complaint, Defendants denies each allegation contained in paragraph 50. To the extent the allegations of paragraph 50 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

51. Answering paragraph 51 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 51 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

52. Answering paragraph 52 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 52 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

53. Answering paragraph 53 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 53 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

54. Answering paragraph 54 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 54 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 54 and on that basis, denies these allegations.

55. Answering paragraph 55 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 55 of the Complaint differ from,

are inconsistent with, or improperly characterize the content of these writings, those allegations are denied.

56. Answering paragraph 56 of the Complaint, Defendant admits only that the pleadings filed in these bankruptcy proceedings are writings that speak for themselves. To the extent the allegations contained in paragraph 56 of the Complaint differ from, are inconsistent with, or improperly characterize the content of these writings, those allegations are denied. To the extent the allegations of paragraph 56 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

57. Answering paragraph 57 of the Complaint, Defendant denies the allegations contained therein. To the extent the allegations of paragraph 57 are legal conclusions or non-factual statements rather than factual assertions, no response to these legal conclusions or non-factual statements is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

As a first, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Establish Elements)

As a second, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff's claims are barred because she cannot establish all of the elements to each claim for relief in the Complaint.

///

///

///

## THIRD AFFIRMATIVE DEFENSE

### (No Standing)

As a third, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that each of the purported causes of action asserted in the Complaint are barred because Plaintiff lacks standing to make the claims she alleges.

## FOURTH AFFIRMATIVE DEFENSE

### (Suffered No Damages)

As a fourth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff's claims are barred because Plaintiff suffered no damages as a result of the allegations in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Prima Facie Validity of Proof of Claim)

As a fifth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff's claims do not provides sufficient facts or evidence to disturb the prima facie validity of Plaintiff's Proof of Claim pursuant to Federal Rule of Bankruptcy Procedure Rule 3001.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Allege Special Damages with Particularity)

As a sixth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff has failed to allege special damages, if any, with sufficient particularity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a seventh, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff, through

her conduct, is estopped from asserting any claims based on that conduct.

### EIGHTH AFFIRMATIVE DEFENSE

### (Defendant Acted in Good Faith and in Compliance with Applicable Law)

As an eighth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that it is excused from any and all liability under the facts alleged in Plaintiff's claims for relief, because at all material times, Defendant acted in good faith and conducted all material transactions in compliance with the applicable law.

### NINTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Entitled To Relief)

As a ninth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff is not entitled to any relief for which she prays.

### TENTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct)

As a tenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that its conduct, to the extent that such conduct was wrongful, was unintentional.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Harm)

As an eleventh, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff has not suffered any harm as a result of Defendant's conduct.

### TWELFTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

As a twelfth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Defendant's conduct was justified and/or privileged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a thirteenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that Plaintiff's claim is barred under the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a fourteenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant alleges that the relief Plaintiff seeks would result in unjust enrichment.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

As fifteenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant reserves the right to amend its Answer to assert additional, as unnamed affirmative defenses should them subsequently be deemed necessary and applicable.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of her Complaint and that the Complaint be dismissed;

2.      For attorneys' fees and costs of suit, to the extent permitted by law; and

3.      For such other and further relief as the Court deems just and proper.


WRIGHT, FINLAY & ZAK, LLP

Dated:  March 7, 2018         By:      _____/s/ Nichole L. Glowin_____
                                       Nichole L. Glowin, Esq.
                                       Attorney for Defendant BOSCO CREDIT
                                       LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4665 Macarthur Court, Suite 200, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER OF DEFENDANT BOSCO CREDIT LLC TO PLAINTIFF'S COMPLAINT,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d);and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/07/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Claire Johnson Raba, Counsel for Plaintiff: cjohnson@baylegal.org

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 03/07/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

1. Lorriane Daniels
144 - 15th St.
Richmond, CA 94801
PLAINTIFF

2. Claire Johnson Raba
Bay Area Legal Aide
1800 Market Street, 3rd Floor
San Francisco, CA 94102
COUNSEL FOR PLAINTIFF

3. Honorable Martin R. Barash
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367
COURT CHAMBERS COPY

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/07/2018 | Brandon Quon | /s/ Brandon Quon |
|------------|--------------|------------------|
| *Date* | *Printed Name* | *Signature* |